# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** SCR LIVING, LLC, a California
*(AVISO AL DEMANDADO):* limited liability company dba CERTUS ANALYTICS,

DOES 1 TO 10.

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
6/25/2020
P. Thiphavong
Electronically Filed

**YOU ARE BEING SUED BY PLAINTIFF:** PERKINELMER HEALTH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* SCIENCES INC.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
MID-COUNTY REGION - SOUTHWEST JUSTICE CENTER - CIVIL DIVISION
30755-D AULD RD.
MURRIETA, CA   92563

**CASE NUMBER:**
*(Número del Caso):* **MCC2001121**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

RON CHOW, Esq.
GARDENER, RIECHMANN & CHOW
438 E. KATELLA AVE., SUITE 202
ORANGE, CA   92867

Bar No. 241946
Telephone: (714) 972-8989
Facsimile: (714) 972-3928

DATE:
*(Fecha)* **6/25/2020**

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

 Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

RON CHOW, Esq.          (Bar No. 241946)
GARDENER, RIECHMANN & CHOW
Attorneys at Law
438 E. KATELLA AVE., SUITE 202
ORANGE, CA 92867
Telephone: (714) 972-8989
Facsimile:  (714) 972-3928
E-Mail: ron@grclawfirm.com

**FILED**
Superior Court of California
County of Riverside
7/22/2020
J. Valdez
Electronically Filed

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

MID-COUNTY REGION - SOUTHWEST JUSTICE CENTER - CIVIL DIVISION

PERKINELMER HEALTH SCIENCES INC.,

    Plaintiff,

vs

SCR LIVING, LLC, a California limited liability company dba CERTUS ANALYTICS,

DOES 1 TO 10,

    Defendants.

CASE NO.:   MCC2001121

**FIRST AMENDED COMPLAINT FOR MONEY**

**UNLIMITED CIVIL**

Amount of Demand: $374,390.13

COMES NOW the plaintiff, and for cause of action against the defendant(s), and each of them, alleges as follows:

FIRST CAUSE OF ACTION
OPEN BOOK ACCOUNT
AS TO ALL DEFENDANTS

1. That plaintiff is unaware of the true names or capacities, whether individual, associate, corporate or otherwise, of defendants DOES 1 TO 10, and therefore sues them by such fictitious names, and leave of court will be asked to insert their true names and capacities when same have been ascertained.

2. That this judicial district is the proper venue for this action because the defendant(s)

1

**FIRST AMENDED COMPLAINT FOR MONEY**

maintains his/her/its business in the within judicial district, and/or the debt was incurred and/or is payable in the within judicial district. That defendant does business at 26359 Jefferson Ave., Suite G, Murrieta, CA 92562. That the within action is not subject to the provisions of Civil Code Sections 1812.10 or 2984.4.

3. That plaintiff is a corporation, authorized to do business in the State of California.

4. That within four years last past and on or about September 11, 2019, the defendant(s), and each of them, became indebted to plaintiff on an open book account, for a balance due for goods, wares and merchandise sold and/or services rendered in the sum of $374,390.13.

5. That although demand for payment of said sum has been made, defendant(s), and each of them, have failed and refused to pay said sum, and the whole thereof is now due, owing and unpaid, together with interest thereon at the rate of 10% per annum, from and after September 11, 2019.

## SECOND CAUSE OF ACTION
## ACCOUNT STATED
## AS TO ALL DEFENDANTS

6. Plaintiff refers to all of the allegations contained in paragraphs 1, 2, 3, and 5 of the First Cause of Action, and by this reference incorporates them herein as though fully set forth.

7. That on September 11, 2019, there was an account stated between plaintiff and defendant(s), and each of them, upon which account stated the sum of $374,390.13, and was agreed upon as the balance due plaintiff.

## THIRD CAUSE OF ACTION
## REASONABLE VALUE OF SERVICES RECEIVED
## AS TO ALL DEFENDANTS

8. Plaintiff refers to all of the allegations contained in paragraphs 1, 2, 3, and 5 of the First Cause of Action, and by this reference incorporates them herein as though fully set forth.

9. That within four years last past and on or about September 11, 2019, defendant(s), and each of them, became indebted to plaintiff in the sum of $374,390.13 for goods, wares and merchandise sold and/or services rendered to defendant(s), and each of them, at their special instance and request, and the reasonable value of same in the sum of $374,390.13.

///

2

**FIRST AMENDED COMPLAINT FOR MONEY**

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

10. Plaintiff incorporates by reference paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth.

11. Defendant(s) have/had benefited from moneys, goods, wares and merchandise sold and/or services rendered provided by the Plaintiff and not repaid. Given Defendant(s) failure to make payments for the outstanding balance owed with respect to the accounts, and the fact that Defendant(s) was/were the beneficiary of funds provided on the accounts, Defendant(s) would be unjustly enriched unless the judgment is entered for the full balance due owing on the accounts.

12. Be reason of the foregoing, Plaintiff is entitled to judgment against Defendant(s) for unjust enrichment in an amount to be determined at trial, plus court costs.

13. That within four years last past and on or about September 11, 2019, defendant(s), and each of them, became indebted to plaintiff in the sum of $374,390.13 for goods, wares and merchandise sold and/or services rendered to defendant(s), and each of them, at their special instance and request, and the reasonable value of same in the sum of $374,390.13.

WHEREFORE, plaintiff prays for judgment against defendant(s), and each of them, as follows:

1. For the principal sum of $374,390.13, together with interest thereon at the rate of 10% per annum from September 11, 2019;

2. For costs of suit incurred herein;

3. For reasonable attorney's fees pursuant to C.C.P. Section 1717.5, in a sum according to proof; and

4. For such other and further relief as the court may deem just and equitable.

DATED: July 21, 2020

_____
RON CHOW, Esq.
A Member of Gardener, Riechmann & Chow
Attorneys for Plaintiff

3

**FIRST AMENDED COMPLAINT FOR MONEY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA 92563
www.riverside.courts.ca.gov

REC'D JUL 01 2020

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE

PERKINELMER HEALTH SCIENCES VS SCR LIVING

CASE NO. MCC2001121

This case is assigned to the Honorable Judge Angel M. Bermudez in Department S302 for all purposes, including trial.

The Case Management Conference is scheduled for 12/22/20 at 8:30 in Department S302.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 06/25/20         by: _____
                           PATTY THIPHAVONG, Deputy Clerk

cdacmc
12/9/19



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                 FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE** <br> ☐ Banning - 135 N. Alessandro Road, Banning, CA 92220 <br> ☐ Hemet - 880 N. State Street, Hemet, CA 92543 <br> ☐ Indio - 46-200 Oasis Street, Indio, CA 92201 <br> ☐ Riverside - 4050 Main Street, Riverside, CA 92501 <br> ☐ Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591 | |
| PLAINTIFF(S): <br><br> DEFENDANT(S): | CASE NUMBER: |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> (CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation      ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation           ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

Page 3 of 3